**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Julio MENA, Defendant–Appellant.**

**No. 89–10434.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 1991 *.

Decided Feb. 8, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Elizabeth N. Brancart, Brancart & Brancart, Pescadero, Cal., for defendant-appellant.

Susan B. Gray, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHOY, SCHROEDER and PREGERSON, Circuit Judges.

SCHROEDER, Circuit Judge:

Julio Mena appeals from the conviction and sentence imposed upon him after a bench trial on stipulated facts. The court convicted him of possession of cocaine with intent to distribute and conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. He challenges the sufficiency of the evidence underlying his conviction, but his principal argument on appeal is that the district court should have granted him a downward departure from his Guideline sentence pursuant to Guideline § 5K1.1. That section provides that the district court may downwardly depart from the otherwise applicable Guideline range upon a motion of the government seeking a departure on the ground that the defendant gave substantial assistance to the government.[1] The appellant maintains that there should have been a downward departure under this section despite the fact that the government made no such motion and even though the district court did, pursuant to the "catchall" departure provisions of section 5K2.0, grant a downward departure on a number of grounds, including cooperation. It is apparently appellant's position that had the government made a motion pursuant to section 5K1.1, the district court would have granted a greater departure. The district court took the position that it could make no departure pursuant to section 5K1.1 absent a government motion.

■ As a threshold matter, the government argues that the district court's refusal is not appealable because this court has held that a discretionary refusal to grant a downward departure under Guideline § 5K1.1 is not appealable. *United States v. Morales*, 898 F.2d 99 (9th Cir.1990). That case does not control this one, however, because here the district court did not exercise any discretion in denying departure. Rather, it refused to depart because it did not believe that it had the power to do so. In *Morales* we specifically exempted such a situation from our holding that the discretionary denial of a downward departure is not appealable. We there noted that a district court's perception that it lacks the power to depart from a Guideline range stems not from an exercise of discretion but from an interpretation of the law, and is therefore appealable pursuant to 18 U.S.C. § 3742(a)(1) (defendant may appeal from any sentence on the ground that it was imposed in violation of law). *See* 898 F.2d at 102 n. 2. We therefore have jurisdiction to hear Mena's sentence appeal.

This circuit has not previously considered whether a government motion is a necessary prerequisite for a departure pursuant to section 5K1.1. Nor have we considered under what circumstances, if any, the district court may direct the government to file such a motion, as appellant contends it should have done in this case. The leading decisions in this area come from the Eighth Circuit. That court has said that the district court may have the power to grant a downward departure under section 5K1.1 without a prosecutorial motion only if the prosecution's failure to make such a motion was unreasonable. In *United States v. Smitherman*, 889 F.2d 189, 191 (8th Cir. 1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990), for example, that court noted that while the general rule is that a section 5K1.1 departure requires a prosecutorial motion, the rule might not apply if the prosecution has acted with "bad faith or arbitrariness that might conceivably present a due process issue." The Eighth Circuit has also suggested that

---

1. Section 5K1.1 reads, in pertinent part:

   Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

where the prosecution fails to move for a downward departure despite clear evidence of the defendant's cooperation, a district court might properly depart downward on its own initiative. *United States v. Justice,* 877 F.2d 664, 669 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989).

In this case, the record shows that after his arrest, Mena gave the authorities information about another drug dealer with whom he had been involved, and made arrangements for a drug purchase from that dealer. Mena's assistance led to the arrest of that dealer and his associate; however, Mena would not agree to testify against them. There is nothing to suggest the government induced any conduct on the part of the defendant based upon a promise of a motion for departure, nor is there any other indication of bad faith on the government's part. In addition, because the district court took into account the defendant's cooperation, among other factors, in making a departure pursuant to section 5K2.0, the record reflects that the defendant did receive some benefit from his cooperation.

This case is therefore similar to the *Justice* case in which the Eighth Circuit, in affirming the refusal to depart, observed that the defendant did receive some benefit as a result of his cooperation—in that case from a plea bargain to a lesser charge. Accordingly, we conclude, as the Eighth Circuit did in *Justice,* that while there may be extreme situations in which the defendant's reliance on the government's inducements may permit a downward departure in the absence of a government motion, this is not such a case. A departure based exclusively upon cooperation with the government in this case would have amounted to unwarranted interference with the discretion committed to the prosecution under section 5K1.1 *See United States v. Ayarza,* 874 F.2d 647, 652 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990) (section

5K1.1 intended to "lodge some sentencing discretion in the prosecutor").

Finally, Mena maintains that the district court convicted him on insufficient evidence. On such a claim, we must affirm if, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gillock,* 886 F.2d 220, 221–22 (9th Cir.1989).

Although the stipulated facts do not state that Mena ever actually touched the cocaine, they do specify that the cocaine was placed in Mena's van at a prearranged meeting after he showed the DEA agent the money with which he intended to pay for the cocaine. Evidence that contraband was present in an area over which the defendant had control is sufficient to support a conviction for knowing possession even absent evidence that he acquiesced in the location of the contraband. *See United States v. Sotelo–Rivera,* 906 F.2d 1324 (9th Cir.1990); *Gillock,* 886 F.2d at 222. There is thus sufficient evidence from which a reasonable trier of fact could conclude that, in allowing the cocaine to be placed in his van, Mena took possession of it.

AFFIRMED.