942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Michael BEALL, Defendant-Appellant.
 No. 90-30405.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 30, 1991.*
Decided Aug. 22, 1991.
 
 Before EUGENE A. WRIGHT, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Michael Beall appeals his sentence following a guilty plea to one count of conspiracy to commit several fraud-related offenses and to one count of aiding and abetting bank fraud. Beall argues that his base offense level was incorrectly computed. He also argues that the district court improperly concluded that he was a manager or supervisor in the criminal activity, that an adjustment for obstruction of justice was proper, and that a departure for substantial assistance to the government was not warranted. This court has jurisdiction of the timely appeal. 28 U.S.C. § 1291. We affirm the district court's sentence.
 
 DISCUSSION
 
 3
 This court reviews de novo the district court's interpretation of the Guidelines, but gives due deference to the district court's application of the Guidelines to the facts. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). Findings of fact are reviewed for clear error. Id.
 
 I. The Base Offense Level
 
 4
 Beall argues that his base offense level should have been calculated from Guideline § 2F1.1 (Fraud) rather than § 2S1.1 (Money Laundering). He argues that Guideline § 1B1.2(a) requires the court to use the offense guideline most applicable to the offense of conviction, and that fraud more accurately describes the object of the conspiracy than money laundering. Beall is correct that fraud more accurately describes the object of the conspiracy, and that money laundering was used only to further that object. Nevertheless, he overlooks the Guideline sections that provide more specific guidance in the calculation of his offense level.
 
 
 5
 Consistent with the direction in Guideline § 1B1.2(a) to use the offense guideline most applicable to the offense of conviction, the district court chose § 2X1.1 (Conspiracies Not Covered by a Specific Offense Guideline) as the starting point for sentencing. Section 2X1.1(a) directs the court to use the "base offense level from the guideline for the [conspiracy's] object offense...." The problem is that Beall pled guilty to a conspiracy count with multiple objects. In these circumstances, § 1B1.2(d) directs that the conviction be treated as if the defendant were convicted on a separate count of conspiracy for each offense. Then § 3D1.2(d) directs that each "separate" conviction be grouped together for purposes of obtaining an offense level. See U.S.S.G. § 3D1.2(d) Application Note 9. The offense level for the "group" is not derived from the offense most characteristic of the criminal activity taken as a whole, as Beall would have it. Rather, the offense level is "the highest offense level of the counts in the Group," § 3D1.3(b), in this case, money laundering.
 
 
 6
 We hold that the district court did not err in using money laundering as the object offense for purposes of calculating the base offense level.
 
 II. Disparity in Co-Conspirators' Sentences
 
 7
 Beall challenges the sentence enhancement for the amount of money involved in the conspiracy required by § 2S1.1(b)(2)(F) merely because his co-conspirator, convicted of the same conspiracy count, did not receive the enhancement. We have disapproved of arguments based only on disparity among co-defendants' sentences. United States v. Carpenter, 914 F.2d 1131, 1136 (9th Cir.1990). We see no compelling reason to make an exception to that rule when co-defendants are also co-conspirators. Beall must prove that the enhancement was based on factual error or improper application of the Guidelines, independent of the enhancement a co-conspirator may or may not have received. He has not produced any independent arguments or evidence. We affirm the district court's enhancement of his offense level under § 2S1.1(b)(2)(F).[1]
 
 III. Adjustment for Role in the Offense
 
 8
 The district court increased Beall's offense level by three under § 3B1.1(b) for his role as a manager or supervisor in the conspiracy. Beall admitted in his Stipulated Factual Basis for Plea that "he supervised the administrative office of the debt elimination program." The defendant's arguments that he was not a manager or supervisor are not supported by any citations to the record. Further, his arguments suggest only that he was not an organizer or leader in the conspiracy, § 3B1.1(a) (increase by 4 levels), rather than contradicting his own admission that he was a supervisor, § 3B1.1(b) (increase by 3 levels).
 
 
 9
 We affirm the district court's enhancement for Beall's role as a manager or supervisor.
 
 IV. Obstruction of Justice
 
 10
 The district court concluded that Beall moved from Washington to California and finally to Florida, where he was arrested, to avoid investigations of the debt elimination program. The court found that he had willfully obstructed the administration of justice and increased his offense level by two. See U.S.S.G. § 3C1.1.
 
 
 11
 The commentary to Guideline § 3C1.1 suggests that "avoiding or fleeing from arrest" does not constitute willful obstruction of justice for purposes of offense-level enhancement. U.S.S.G. § 3C1.1 Application Note 4(d). However, this court has distinguished instinctive flight in the immediate aftermath of the crime from prolonged evasion of investigating authorities. United States v. Mondello, 927 F.2d 1463, 1466 (9th Cir.1991). The former is not a willful obstruction of justice, but the latter can be. Id. Beall's relocations constitute prolonged evasion of investigating authorities. Therefore, we affirm the obstruction of justice enhancement.
 
 V. Departure for Substantial Assistance
 
 12
 The Guidelines allow for a downward departure "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person...." U.S.S.G. § 5K1.1; see also 18 U.S.C. § 3553(e) (departure below statutory minimum can be considered on government motion). We have suggested that a limited exception to the prerequisite of a government motion may apply if the government's failure to move for a departure constitutes bad faith or arbitrariness in violation of due process. United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991).
 
 
 13
 Beall argues that because of his good faith efforts to provide information and his willingness to testify, the government's failure to move for downward departure for substantial assistance constitutes bad faith. Beall did participate in many debriefing sessions and grand jury investigations in Washington, Ohio, and Florida where investigations into the conspiracy were ongoing. The government acknowledged his cooperation in its Sentencing Memorandum to the district court, suggesting that Beall be given the lowest Guideline sentence within the applicable Guideline range.[2] However, the government does not believe that Beall's efforts amounted to substantial assistance, in part because his continued efforts to rationalize his conduct made him undesirable as a witness. The government's decision not to move for a downward departure does not show bad faith.
 
 
 14
 We affirm the district court's refusal to depart downward for substantial assistance absent a government motion in this case.
 
 CONCLUSION
 
 15
 The judgment and sentence are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4. The defendant's letter request for reinstatement of oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Incidentally, assuming that the enhancement in Beall's case is supported by the evidence, and he gives the court no reason to assume otherwise, the error, if any, is in the district court's failure to enhance his co-conspirator's sentence. Misapplication of the Guidelines in a co-conspirators' case does not support misapplication in Beall's case. See United States v. Guerrero, 894 F.2d 261, 267-68 (7th Cir.1990)
 
 
 [2]
 Notwithstanding the government's recommendation, Beall was given a sentence in the middle of his Guideline range