942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kim Louis PASSWAITER, Defendant-Appellant.
 No. 90-10556.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1991.
Decided Aug. 29, 1991.
 
 Before BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kim Passwaiter pleaded guilty to one count of conspiracy to import marijuana in violation of 21 U.S.C. § 963, for which he was sentenced to 188 months' imprisonment and five years of supervised release. On appeal, Passwaiter argues that the district court erred by (1) sentencing him as a career offender, based on one current and two prior drug conspiracy convictions, and despite the government's failure to file an information pursuant to 21 U.S.C. § 851(a); (2) miscalculating the appropriate degree of downward departure; (3) failing to reduce Passwaiter's offense level for his allegedly minor role in the crime; and (4) imposing a five-year period of supervised release. We affirm as to all but the period of supervised release.
 
 
 3
 Passwaiter's first argument is that he should not have been sentenced as a career offender. We reject this argument. Section 4B1.1 of the United States Sentencing Commission's Guidelines Manual ("U.S.S.G.") defines a career offender as one who is at least eighteen years of age at the time he commits a felony involving either a crime of violence or a controlled substance offense, with at least two prior felony convictions involving either crimes of violence or controlled substance offenses. A controlled substance offense is in turn defined as a violation of federal or state law involving, inter alia, the importation, distribution, or possession of a controlled substance. U.S.S.G. § 4B1.2(2). See also 28 U.S.C. § 994(h).
 
 
 4
 Application Note 1 to U.S.S.G. § 4B1.2 includes conspiracy to commit a controlled substance offense within the definition of a controlled substance offense for the purpose of determining career offender status. While application notes are not entitled to the same weight as the express wording of the Guidelines themselves, they are designed to assist the courts in interpreting and applying the relevant law. See United States v. Anderson, No. 89-10059, slip op. at 10373 (9th Cir. Aug. 6, 1991) (en banc). Accordingly, Passwaiter's three drug conspiracy convictions qualified him for sentencing as a career offender.
 
 
 5
 As for the government's failure to file an information pursuant to 21 U.S.C. § 851(a), the district court was not barred thereby from sentencing Passwaiter as a career offender. See United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991).
 
 
 6
 Passwaiter's second argument concerning the district court's failure to depart downward as far as it should have is equally meritless. The district court explicitly stated that it was exercising its discretion in departing downward, "but not to the extent that you have requested nor that the Government has agreed to." Such discretionary rulings are not reviewable on appeal. See United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 7
 Passwaiter's third argument is that the district court failed to rule on his claim for a two-level reduction for being a minor participant in the crime. This is incorrect. The district court clearly stated at sentencing that Passwaiter "knowingly became an active participate [sic] in the operation and recruited others to facilitate the final off-loading of a multi-kilogram shipment of marijuana." The district court's finding that Passwaiter was not a minor participant was not clearly erroneous. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991). Thus the refusal to grant a two level reduction was not error.
 
 
 8
 The government concedes that the district court's imposition of a period of five years' supervised release was inappropriate because it was based on the misapprehension that the court lacked the discretion not to impose such a sentence. See United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991). Accordingly, we must vacate that portion of the sentence and remand for resentencing.
 
 
 9
 The sentence is AFFIRMED in all respects except for the period of supervised release, as to which we VACATE and REMAND for further proceedings consistent with the above.
 
 
 
 *
 The Honorable Juan C. Burciaga, Chief United States District Judge for the District of New Mexico, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3