949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiffs/Appellees,
v.
Richard RUSSO, Defendant/Appellant.
 No. 90-50476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 4, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 1. Discretion to grant a downward departure
 
 2
 U.S.S.G. § 5K1.1 allows a district court to depart downward from the Sentencing Guideline range when a defendant substantially cooperates with the government.[1] The district court ruled, however, that it had no discretion to grant a downward departure pursuant to Section 5K1.1 in the absence of a government motion. Application of the Sentencing Guidelines is reviewed de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990).
 
 
 3
 Russo relies on United States v. Mena, 925 F.2d 354 (9th Cir.1991), which held that: (1) "a district court's perception that it lacks the power to depart from a Guideline stems not from an exercise of discretion but from an interpretation of the law, and is therefore appealable," id. at 355, and (2) section 5K1.1's requirement that a downward departure be premised on a government motion "might not apply if the prosecution has acted with 'bad faith or arbitrariness that might conceivably present a due process issue.' " Id. (quoting United States v. Smitherman, 889 F.2d 189, 191 (8th Cir.1989), cert. denied, 110 S.Ct. 1493 (1990)). Despite this holding, we refused to grant a sua sponte downward departure.
 
 
 4
 Russo argues that the holding of Mena is applicable, but we should reach the opposite conclusion because, unlike the defendant in Mena, Russo received no discernable benefit from his cooperation. The Mena court acknowledged that Mena "did receive some benefit from his cooperation," id. at 356, but this finding was merely supportive of, not necessary to, the holding.
 
 
 5
 Mena establishes a two-part test for a sua sponte downward departure: (1) did the defendant substantially assist the government in the investigation or prosecution of another person who has committed an offense and (2) did the prosecution act with bad faith or arbitrariness that might conceivably present a due process issue? In making the latter determination, a court should balance: (1) the extent to which the government induced the defendant to assist in the investigation or prosecution of another person who has committed an offense and (2) the extent to which the defendant otherwise benefited from his cooperation.
 
 
 6
 In United States v. Goroza, 941 F.2d 905 (9th Cir.1991), we did not grant a sua sponte downward departure because: (1) section 5K1.1 vests in the government discretion to determine whether a defendant has provided substantial assistance, see id. at 908, and (2) the record provided "no indication of bad faith or arbitrariness." Id. We also noted that, "because Goroza was allowed to plead guilty to a lesser charge pursuant to the plea agreement, the record reflects that Goroza received some benefit from his cooperation." Id.
 
 
 7
 We find it unnecessary to remand for resentencing. First, unlike Mena, Russo did not arrange for a drug purchase from a drug dealer that he identified, nor did his assistance lead to another person's arrest and prosecution. See Mena, 925 F.2d at 356. And, second, like Mena, there is nothing in the record to suggest that "the government induced any conduct on the part of the defendant based on a promise of a motion for departure." See id. In sum, there is no due process violation to support a sua sponte downward departure.
 
 
 8
 Russo argues, however, that, by asking for his release so that he could contact a drug trafficker, the U.S. Customs Service acknowledged that his information had significance. Russo was willing to arrange a drug purchase, but the U.S. Attorney's Office refused to authorize his release. Russo expressed this willingness to cooperate, however, two months after his arrest. Although such offers to cooperate should not be discouraged, the government justifiably could conclude that Russo's late offer of assistance was not "substantial."
 
 
 9
 2. Voluntariness of Russo's post-arrest statements
 
 
 10
 The district court found that Russo's post-arrest statements were voluntary and therefore admissible. Russo contends that the statements should have been suppressed because they were the improper result of an interrogation after he had demanded to consult with an attorney. The voluntariness of a defendant's confession is subject to de novo review. Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc).
 
 
 11
 The crux of Russo's argument is Minnick v. Mississippi, 111 S.Ct. 486 (1990). Specifically:
 
 
 12
 [W]hen counsel is requested, interrogations must cease and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney.
 
 
 13
 .... A single [telephone] consultation with an attorney does not remove the suspect from persistent attempts by officials to persuade him to waive his rights ...
 
 
 14
 Id. at 491. In Minnick, however, "[i]nterrogation was reinitiated by a county deputy sheriff after Minnick was told that he could not refuse to talk to him." Id. at 487. In contrast, Deaven advised Russo of his Miranda rights. Russo then asked if Deaven would make any promises in exchange for Russo's cooperation. As noted in Minnick:
 
 
 15
 Both waiver of rights and admission of guilt are consistent with the affirmation of individual responsibility that is a principle of the criminal justice system....
 
 
 16
 Edwards [v. Arizona, 451 U.S. 477 (1985),] does not foreclose finding a waiver of Fifth Amendment protections after counsel has been requested, provided the accused has initiated the conversation or discussions with the authorities....
 
 
 17
 Id. at 492. Russo's post-arrest statements were voluntary. Russo waived his Fifth Amendment protections by asking Deaven if he would make any promises in exchange for Russo's cooperation.
 
 
 18
 We recognize that a law enforcement officer can "reinitiate interrogation" by advising a suspect of his Miranda rights. In Greenawalt v. Ricketts, 943 F.2d 1020, 1023 (9th Cir.1991), police officers advised the accused of his Miranda rights after he had asserted his right to consult with an attorney. We held that, but for Teague v. Lane, 489 U.S. 288 (1989) (new rules should not be applied retroactively on collateral review), we would have held that Greenwalt's confessions were obtained in violation of his Fifth Amendment right to counsel. See id. Such a conclusion is not warranted, however, by the facts of this case. Russo presumably would have initiated communication with Deaven whether or not Deaven had reminded Russo of his Miranda rights because Russo's attorney had just told Russo "not to cooperate unless [he] could get some sort of commitment from a Federal prosecutor." ("Declaration of Richard Lawrence Russo in Support of Motion to Exclude Admissions and/or Confession)
 
 
 19
 The pertinent facts are not in dispute: (1) Russo consulted with his attorney by telephone; (2) Deaven advised Russo of his Miranda rights; and (3) Russo asked whether Deaven would make any promises in exchange for Russo's cooperation. Thus, unlike United States v. Prieto, 910 F.2d 601 (9th Cir.1990), we need not "resolve disputed factual questions" to affirm or reverse the trial court. Id. at 607.
 
 
 20
 Because the district court properly concluded that Russo's post-arrest statements were voluntary and therefore admissible, we need not reach the harmless error analysis enunciated in Arizona v. Fulminante, 111 S.Ct. 1246, 1265 (1991). We do so, however, because of the posture of the case.
 
 
 21
 Even if Russo's post-arrest statements should have been excluded under Minnick, the trial court's error was harmless beyond a reasonable doubt. See Arizona v. Fulminante, 111 S.Ct. 1246, 1265 (1991) ("When reviewing the erroneous admission of an involuntary confession, the appellate court ... simply reviews the remainder of the evidence against the defendant to determine whether the admission was harmless beyond a reasonable doubt."). The remainder of the evidence indicates that: (1) Russo arrived at the Los Angeles International Airport on a flight from Brazil (Reporter's Transcript at 44, 51, 55); (2) he behaved suspiciously in the U.S. Customs secondary inspection area (id. at 45, 51-52, 64-65); (3) a strip search revealed approximately two thousand grams of cocaine strapped to his legs (id. at 57-61); and (4) Russo was aware that he possessed this quantity of cocaine. (Id. at 72 (unsolicited statement by Russo regarding weight of the cocaine))
 
 
 22
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 5K1.1 provides as follows:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.