951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Girard TURNER, Defendant/Appellant.
 No. 90-50243.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 13, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Girard Turner (aka Gerald Tucker) appeals his sentence following a guilty plea to manufacturing and possessing with intent to distribute phencyclidine, in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 Pursuant to a plea agreement, Turner pled guilty to three counts of a four-count indictment in return for the government's promise to dismiss the third count and to recommend a two-point reduction under the Sentencing Guidelines for acceptance of responsibility. Additionally, Turner agreed to cooperate with the Drug Enforcement Administration and to make a good faith effort to substantially assist the government in the investigation and prosecution of other persons involved in illegal narcotics activity. In return, the government agreed to move for a downward departure under § 5K1.1 of the Sentencing Guidelines.
 
 
 4
 Turner met with government officials on several occasions, but the government refused to move for a § 5K1.1 downward departure. The district court denied Turner's motion for specific performance of the plea agreement.
 
 
 5
 This appeal raises the following issues: (1) whether this Court has jurisdiction to review the district court's denial of Turner's motion for specific performance of the plea agreement; (2) whether the district court can grant a downward departure in the absence of a motion by the prosecution; and (3) whether the prosecution breached its plea agreement with Turner, and if so, what remedy is available.
 
 
 6
 We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and remand to the district court to consider whether the government breached its agreement with Turner.
 
 I.
 
 7
 The government contends that the district court's refusal to grant a downward departure is not reviewable.[1]
 
 
 8
 A district court's discretionary refusal to depart downward from the sentencing guidelines is not subject to review on appeal. United States v. Morales, 898 F.2d 99, 101-102 (9th Cir.1990). See also Id. at 102 n. 2 (discussing difference between a district court's discretionary refusal to depart downward and its erroneous belief that it lacks the authority to depart downward). Thus, we must first determine whether the district court's refusal to grant a downward departure under § 5K1.1 was an exercise of discretion or whether it was based on the court's belief that it lacked the authority to do so.
 
 
 9
 Here, Judge Hatter stated that if it was not for Turner's past "significant record" and the fact that he was on probation at the time of arrest, he would consider holding the government to its plea agreement. It therefore appears from this comment that the refusal to grant a downward departure was discretionary and not based upon a belief that the court lacked authority to depart downward in the absence of a motion by the government. Accordingly, we do not review the district court's refusal to grant Turner a downward departure because the court, in fact, exercised its discretion, rendering its ruling unreviewable.
 
 II.
 
 10
 Relying on our decision in United States v. Mena, 925 F.2d 354, 355-556 (9th Cir.1991), Turner contends that if the government, in bad faith or arbitrarily, refuses to honor its plea agreement by failing to move for a downward departure, the court, itself, may depart downwardly from the sentencing guidelines.
 
 
 11
 We have held, however, that a government motion is a prerequisite for a downward departure pursuant to § 5K1.1. See United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.), cert. denied, 493 U.S. 1047, 110 S.Ct. 847 (1990). While Mena suggests that "there may be extreme situations in which the defendant's reliance on the government's inducements may permit a downward departure in the absence of a government motion," we have not so held. See Mena, 925 F.2d at 356; United States v. Keene, 933 F.2d 711, 715 n. 5 (9th Cir.1991). As we reasoned: "A departure based exclusively on cooperation with the government ... would have amounted to unwarranted interference with the discretion committed to the prosecutor under section 5K1.1." Mena, 925 F.2d at 356 (citing United States v. Ayarza, 874 F.2d at 653).
 
 
 12
 In the present case, Judge Hatter's comments indicate that he was aware that the prosecution may have breached the plea agreement and that it was within his authority to remedy that situation. Nevertheless, Judge Hatter declined to do so upon consideration of Turner's prior criminal activities. Because Judge Eatter was not inclined to depart downwardly in Turner's case, there is no need to address the issue of the court's power to depart downward in the absence of a prosecutorial motion.
 
 III.
 
 13
 Disposition of the above issues does not resolve this case entirely. Turner contends that he made a good faith effort to provide the government with substantial assistance and that the prosecution violated the plea agreement by refusing to move the court for a downward departure under § 5K1.1 of the Sentencing Guidelines. Though the district court may decide not to grant a downward departure, it must still consider whether the prosecution breached its plea agreement with Turner.
 
 
 14
 When a plea rests in any significant degree upon a promise of the prosecutor, such that it is part of the consideration, that promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 262-63, 92 S.Ct. 495, 499 (1971). See also Carter v. McCarthy, 806 F.2d 1373, 1377 (9th Cir.1986) (when prosecutor's agreement cannot be enforced over defendant's objection) (cert denied, 484 U.S. 870, 108 S.Ct. 198 (1987).
 
 
 15
 It appears from Judge Hatter's comments that the prosecution may have violated the plea agreement it entered into with Turner.[2] Judge Hatter's sentence, however, seems to have been the result of Turner's prior criminal activity rather than the government's failure to move for a downward departure. Similarly, in Santobello, the trial judge was not influenced by the recommendation of the District Attorney, which was in breach of the plea agreement. As in the present case, the sentence was based on the defendant's long serious criminal record. Nevertheless, the Supreme Court remanded the case to the trial court to allow for withdrawal of the plea or specific performance of the agreement. Santobello, 404 U.S. at 263, 92 S.Ct. at 499. See also United States v. Martin, 788 F.2d 184, 187 (3rd Cir.1986) (holding that the government's breach of a plea agreement requires the case to be remanded even though the sentencing judge was not influenced by the breach).
 
 
 16
 In light of the conflicting factual assertions regarding the plea agreement and the amount of assistance actually provided by Turner, we think it is best left to the district court to decide whether the plea agreement was breached. Accordingly, we remand this case to the district court. If the government did indeed breach the plea agreement, Turner is entitled to the opportunity to withdraw his guilty plea or he may be entitled to specific performance of the agreement.
 
 
 17
 AFFIRMED in part and REMANDED for further proceedings consistent with the views expressed herein.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Turner moved for specific performance of the plea agreement. In essence, this motion is a request for a downward departure
 
 
 [2]
 Judge Hatter stated:
 And, indeed, but for your significant record and the fact that you were on probation at the time that this occurred I would give great consideration to holding the government to its plea agreement with you, which indicates that a good faith effort is all that is necessary.
 Of course, I understand that there is more than good faith that they were looking to, that they were looking for some substantial aid, and you were not in a position to provide that aid, and given your record and involvement in these kinds of things, I feel constrained not to go beyond that to the statutory, mandatory minimum and I will not. (R.T. 110)