958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio FONTES-MATAS, Defendant-Appellant.
 No. 91-10072.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1992.*
Decided March 17, 1992.
 
 1
 Before FARRIS and RYMER, Circuit Judges, and KENYON, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Julio Fontes-Matas appeals the sentence imposed following his plea of guilty to conspiracy to distribute less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1). The district court sentenced in accordance with the plea agreement, which provided for a 36-month sentencing cap. The district court also ordered "60 months' supervised release with standard conditions not to return to the United States without the written permission of the court." We affirm the custodial sentence but vacate and remand the sentence to a term of supervised release because, as phrased, the order improperly conditions reentry on approval of the court.
 
 
 4
 * Fontes-Matas challenges calculation of his sentence on three grounds: first, the base offense level should have been 24, applicable to less than 100 grams of heroin, see U.S.S.G. §§ 2D1.1(c)(10), 2D1.4, because that is what he pled guilty to instead of 26, applicable to more than 100 grams, see U.S.S.G. §§ 2D1.1(c)(9), 2D1.4, which is what the indictment charged; second, he should have been given a reduction as a minimal or minor participant; and third, despite the government's having failed to move for a downward departure for substantial assistance, the court should have departed in his case because it did depart at the government's request in the case of two co-defendants.
 
 
 5
 We decline to consider whether the district court erred in finding the applicable offense level was 24 (26 less 2 points for acceptance of responsibility), as set out in the PSR. Although the sentencing took place after our decision in United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990), Fontes-Matas neither objected to the offense level in the PSR nor argued that it was incorrect to the district court. See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990) (defendant waived argument on appeal against two-point enhancement for obstruction of justice where defendant did not make objection to district court), cert. denied, 112 S.Ct. 442 (1991). In any event, apart from the plea agreement, substantial assistance was the only basis upon which the court was urged to depart; Fontes-Matas did not argue for departure below 36 months for any other reason. Therefore even if the offense level were incorrectly calculated, if departure were not warranted for substantial assistance, the error was immaterial.
 
 
 6
 We see no error in failing to depart below 36 months for substantial assistance. When, as here, the government has not requested a downward departure under U.S.S.G. § 5K1.1, departure may be appropriate only in "extreme situations in which the defendant's reliance on the government's inducements may permit a downward departure in the absence of a government motion." United States v. Mena, 925 F.2d 354, 356 (9th Cir.1991). The government's bad faith is a relevant consideration. Id. at 355. Neither circumstance appears in this case.
 
 
 7
 Fontes-Matas urges that the Mena test is met because his co-defendants were rewarded for substantial assistance because they spoke to the government first. There is no indication that Fontes-Matas relied on any promises made by the government, however, or that his treatment was so arbitrary as to suggest bad faith. In his "free talk" with the government, Fontes-Matas failed to identify his supplier except as "Chino," or to give other information that might have been helpful. Accordingly, the district court did not err by declining to depart on the basis of cooperation.
 
 
 8
 Nor did it clearly err in finding that "all four defendants were equally involved" and not finding that Fontes-Matas was a minimal or minor participant. Fontes-Matas argues that he had been recruited merely to carry the heroin distributed in the first sale until the purchase was actually made, the government did not show he has a history of drug involvement, he was not present at other drug transactions where co-defendants were present, he had not himself negotiated drug deals with agents and had not been found in possession of any of the marked money issued by police for the first drug buy. Other evidence, however, supports the district court's findings: Fontes-Matas was present during drug negotiations with agents over a week before the sale; he held an ounce of heroin and passed it to a co-defendant who in turn passed it on to the undercover agent; the street value of the heroin was $40,000, which was to be given to Fontes-Matas for transmittal to the supplier "Chino"; and Fontes-Matas was to be paid $600 for carrying the drugs and money. At most Fontes-Matas compares favorably to his co-defendants, and that is insufficient to warrant a reduction in offense level under § 3B1.2. See United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990).
 
 II
 
 9
 The government agrees that the condition imposed by the district court on supervised release, that Fontes-Matas should "not [ ] return to the United States without the written permission of the court," runs afoul of United States v. Castillo-Burgos, 501 F.2d 217, 219-20 (9th Cir.) (the laws governing admission and deportation of aliens delegate authority to the Attorney General, and "[n]owhere in this detailed statutory scheme is there a provision for a court to deport aliens sua sponte"), cert. denied, 418 U.S. 1010 (1974). Reentry may be conditioned on having proper papers, or advising the probation office upon return, but reentry is up to the INS and may not be conditioned on applying to the court itself. See Id., at 220.
 
 
 10
 We therefore vacate the term of supervised release, and remand for resentencing to give the district court an opportunity to fashion conditions of release consistent with Castillo-Burgos.[1]
 
 
 11
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David V. Kenyon, District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because modifying the special conditions of supervised release along the lines suggested will make the sentence less onerous, the district court may do so without the presence of the defendant. See Fed.R.Crim.P. 32.1(b)