981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter Paul GALLO, Defendant-Appellant.
 No. 92-10054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Dec. 8, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Paul Gallo ("Gallo") appeals his conviction for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and his sentence of 60 months incarceration, imposed pursuant to the United States Sentencing Guidelines. Gallo was convicted and sentenced after he entered into a plea agreement with the government.
 
 
 3
 Gallo contends that the government breached his plea agreement by failing to move for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. 5 K1.1 as promised in the agreement in exchange for the his substantial assistance to law enforcement. On appeal, he argues that the district court erred in denying his motion to compel performance of his plea bargain or, in the alternative, to withdraw his guilty plea. Gallo also argues that the district court erred in denying his motion for a downward departure for cooperation on the court's own authority. We affirm his conviction and sentence.
 
 BACKGROUND
 
 4
 Gallo and two other individuals were arrested on September 22, 1989 in the parking lot of a Nevada casino after selling two kilograms of cocaine to undercover Special Agent Rick P. Baken. Gallo, who drove the car in which the transaction occurred, was subsequently indicted on one count of conspiracy to distribute cocaine and one count of distribution. Gallo entered into a plea bargain with the government.
 
 
 5
 By terms of his plea bargain, Gallo agreed to plead guilty to the conspiracy count and to cooperate with the government by revealing to the government all information that he had regarding the source of the cocaine involved in the transaction and the identities of other individuals involved in narcotics trafficking. He also agreed to provide relevant testimony against any future defendants developed by the government's investigation.
 
 
 6
 In Gallo's plea agreement, the government agreed not to prosecute on the distribution counts. The government further agreed that if the defendant fulfilled his promise to provide total and substantial cooperation to the government, complete and truthful disclosure of information, and truthful testimony, the government would file motions pursuant to 18 U.S.C. § 3553(a) and U.S.S.G. § 5K1.1 to enable the court to impose a sentence below the statutory minimum and below the guidelines level.[1] The government additionally agreed to remain silent before the court regarding any specific sentence.
 
 
 7
 After the district court accepted Gallo's plea agreement, Gallo was interviewed by Probation Officer John Gonska and was later questioned by FBI Agent Tim Bradley to provide further details regarding the sources of the cocaine. The government subsequently decided not to move for a downward departure. At his sentencing hearing, Gallo moved to compel the government to move for a downward departure or, in the alternative, to withdraw his guilty plea. The district court denied the motion. It also denied Gallo's motion for a downward departure on the court's own authority.
 
 DISCUSSION
 
 8
 This court reviews the denial of a motion to compel performance of a plea agreement and to withdraw a guilty plea for abuse of discretion. See United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986).
 
 
 9
 The defendant contends that he fulfilled his parts of the plea bargain and that the government was thus obligated to file the motion for downward departure. Gallo argues that the government breached his plea agreement by failing to file the motion.
 
 
 10
 To decide whether a plea agreement has been breached, this court considers what the defendant reasonably understood when he pleaded guilty. United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992).
 
 
 11
 In Gallo's case, the plea agreement required Gallo to plead guilty to the conspiracy count. In addition, it required him
 
 
 12
 to cooperate with the Government and to provide complete and truthful information concerning his knowledge of narcotics trafficking in the United States.... [S]pecifically ... to provide what information he has regarding the source of the cocaine that resulted in these charges, and other individuals whom the Defendant is aware are trafficking in narcotics.
 
 
 13
 E.R. 24-25. The agreement also provided that:
 
 
 14
 If the defendant fulfills his obligations to the Government, determined by the Government as indicated herein above and provides total and substantial cooperation to the Government in the form of complete and truthful disclosure of information to the Government ... and truthful testimony at any time deemed necessary by the Government ... then in such event, the Government will file a motion with the Court pursuant to Title 18, United States Code, Section 3553(a) and Sentencing Guidelines Section 5k1.1 so that the Court may have additional authority necessary to consider the imposition of a sentence below the minimum mandatory statutory sentence and below the level otherwise established by the Sentencing Guidelines.
 
 
 15
 E.R. 25-26 (emphasis added).
 
 
 16
 This court holds the government to the literal terms of a plea agreement. United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984). By the literal terms of this agreement, the government promised to file a motion for a downward departure "if the defendant fulfill[ed] his obligations to the Government, [as] determined by the Government."
 
 
 17
 Gallo contends that he fulfilled his obligations to the government by pleading guilty to the conspiracy count and by telling government agents all that he knew about cocaine trafficking and identifying all of the cocaine suppliers and users known to him. He identified his source for the cocaine as a "Peruvian female" and told FBI agents that she had visited his co-defendants at the detention center and that they should be able to find her name and address in the records of visitors. He identified suppliers in Los Angeles, some by full name and business address, and others, whose surnames he did not know, by first name only. He gave the FBI the names of all others he knew to be involved in cocaine trafficking.
 
 
 18
 Thus, the appellant argues that he complied with the plea agreement and that the government was obligated to file the motion for downward departure of his sentence.
 
 
 19
 The government argues that by the literal terms of the plea agreement it was for the government to determine whether the defendant had fulfilled his obligations under the plea agreement. The government determined that the defendant's cooperation was not sufficient to constitute "substantial assistance." Therefore, the government argues, it was not bound to file the motion for downward departure.
 
 
 20
 Because plea agreements are contractual in nature, disputed terms are determined by objective standards. United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979). What the parties agreed to is a question of fact to be resolved by the district court; accordingly, the district court's finding as to the terms of plea agreement are reviewed only for clear error. United States v. Read, 778 F.2d at 1441.
 
 
 21
 Evidence of the extent of Gallo's cooperation was produced at his sentencing hearing. FBI Agent Bradley testified that Gallo had been consistent in information he gave about the drug transactions and the individuals involved. [E.R. 142]. Bradley also provided evidence that Gallo had cooperated with the FBI. However, the information Gallo provided was not of the type that the government was seeking. The government specifically sought information about cocaine suppliers, and Gallo provided information primarily about cocaine users.
 
 
 22
 The government also produced evidence of inconsistencies in information that Gallo had given government agents. In particular, Gallo had pleaded guilty and appeared to accept responsibility for his conduct, but then he told Probation Officer Gonska that he had been "framed." Further, Gallo testified that he did not have access to his briefcase and notes during questioning by FBI Agent Bradley. Yet Bradley testified that Gallo did have access to the briefcase. Gallo also insisted that the tape Agent Baken had made of the drug transaction had been doctored. [Appellee's Answering Brief 10-11 and 13.] The government contends that these inconsistencies undermined Gallo's reliability. The government therefore determined that he had not cooperated fully and completely as required by the plea bargain so as to warrant the government's motion for a downward departure for substantial assistance.
 
 
 23
 Reviewing all of the evidence produced at Gallo's hearing, the district court found that the defendant had not proved that the government lacked good faith in determining that the motion for downward departure was unwarranted.[2] The court also found that the defendant had been represented by competent counsel at the time he entered his guilty plea and that the defendant had been advised at that time that the filing of the downward departure motion was not guaranteed.
 
 
 24
 The district's court's findings are not clearly erroneous. Under these circumstances, we cannot say that the district court abused its discretion in denying the defendant's motion. The conviction and sentence are, therefore, AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 3553(e) provides:
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who as committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. 18 U.S.C. § 3553(e) (West Supp.1992).
 U.S.S.G. § 5K1.1 provides:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. U.S.S.G. 5K1.1 (1991).
 
 
 [2]
 Gallo, citing United States v. Mena, 925 F.2d 354 (9th Cir.1991), also argues that the district court erred by not departing downward on its own authority because such a departure was warranted by the "extreme situation" of Gallo's reliance on his understanding that the government would move for the downward departure. We note that Mena merely suggests that the district court may depart in sentencing absent a motion by the government if the prosecution has acted in bad faith. Mena does not require the district court to depart absent the government motion. Moreover, the district court in this case specifically found that Gallo failed to prove bad faith on the government's part