48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mass DANIELS, Defendant-Appellant. (Three Cases)
 Nos. 94-50333, 94-50359 and 94-50361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 28, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mass Daniels appeals his 21-month sentence imposed following entry of guilty pleas to four counts of mail fraud in violation of 18 U.S.C. Sec. 1341; one count of making a false statement in bankruptcy in violation of 18 U.S.C. Sec. 152; and one count of bank fraud in violation of 18 U.S.C. Sec. 1344. Daniels contends the district court erred by: (1) failing to grant an additional one-level reduction for acceptance of responsibility; and (2) denying the government's motion to depart downward based on substantial assistance. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 Daniels pleaded not guilty to a thirteen-count indictment for mail fraud on May 17, 1993. The following day, Daniels posted bond and was released on bail. When Daniels failed to appear at his trial on July 6, 1993, the court revoked his bond and issued a warrant for his arrest. Daniels was arrested on the outstanding warrant on November 17, 1993. On February 2, 1994, Daniels entered into a plea agreement with the government, in which he agreed to plead guilty to two counts of the indictment, as well as to four new counts contained in additional informations. The government agreed to recommend that Daniels receive a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1; and a two-level downward departure based on substantial assistance to the government pursuant to U.S.S.G. Sec. 5K1.1.
 
 II
 Acceptance of Responsibility
 
 5
 Although Daniels received a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a), he contends that the district court erred by denying him an additional one-level reduction under section 3E1.1(b).
 
 
 6
 Whether a defendant has accepted responsibility is a factual determination that we review for clear error. United States v. Acuna, 9 F.3d 1442, 1446 (9th Cir.1993). The sentencing judge's evaluation is entitled to great deference on review. See U.S.S.G. Sec. 3E1.1, comment. (n. 5); Acuna, 9 F.3d at 1446.
 
 
 7
 The Guidelines mandate an additional one-point reduction for acceptance of responsibility when the defendant: (1) qualified for the two-point reduction under section 3E1.1(a); (2) has a base offense level of 16 or greater before the reduction; and (3) has assisted authorities either by timely providing complete information, or by timely entering a guilty plea. See U.S.S.G. Sec. 3E1.1(b) (1993); see also United States v. Narramore, 36 F.3d 845, 846 (9th Cir.1994). When the defendant has met the first two requirements for the one-level reduction, the court must make a factual determination as to whether the defendant assisted the authorities by timely providing information or pleading guilty.[1] See United States v. Colussi, 22 F.3d 218, 220 (9th Cir.1994).
 
 
 8
 Here, the government recommended the additional one-level reduction because Daniels pleaded guilty in a timely fashion after his bond was revoked and he was arrested. Although this action likely spared the government from additional trial preparation, the district court noted that the government had prepared for Daniels's trial scheduled for July 6, 1993, at which time Daniels failed to appear. The district court stated:
 
 
 9
 I find it inconsistent to grant a three-point reduction given the circumstances of this case.
 
 
 10
 Under 3E1.1, the third point is given for timely providing of complete information and timely notification of the intent to plead, thereby permitting the government to allocate its resources rather than preparing for trial. And the government did not go to trial. However, in July '93, the defendant did not appear. The bench warrant had issued, and he wasn't arrested until November.
 
 
 11
 Given that the government had to prepare for Daniels's aborted trial, we conclude that the district court did not clearly err by denying Daniels an additional one-level reduction for acceptance of responsibility. See id.
 
 II
 Downward Departure
 
 12
 Daniels also contends that the district court erred by failing to grant the government's motion for a downward departure based on his substantial assistance in the investigation and prosecution of others. See U.S.S.G. Sec. 5K1.1, p.s.
 
 
 13
 Absent special circumstances, a motion by the government is a prerequisite for a downward departure under section 5K1.1. See United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991). The district court is not bound by the government's recommendation, however, because it is within the court's discretion to determine the extent of the departure. See United States v. Keene, 933 F.2d 711, 715 (9th Cir.1991).
 
 
 14
 Pursuant to the plea agreement, the government filed a motion for a downward departure under section 5K1.1 based on Daniels's substantial assistance to authorities. At the initial sentencing hearing, the court expressed concern that this would result in a sentence that was too lenient. The government filed a supplemental sentencing memorandum, describing Daniels's assistance and reiterating its request for a downward departure.
 
 
 15
 At the subsequent sentencing hearing, the court acknowledged that it had read the government's supplemental memorandum, and cited the relevant factors which the court may consider when deciding whether to depart downward for substantial assistance. See U.S.S.G. Sec. 5K1.1(b). The court discussed with defense counsel the extent of Daniels's assistance, and determined that Daniels had provided information regarding three other individuals. The court noted, however, that those three individuals had been verified by another cooperating witness. In declining to depart downward based on Daniels's substantial assistance, the court stated:
 
 
 16
 [R]ight now, as I said, I have no confidence in your client. I hope that my assessment is erroneous. And it could very well be that Mr. Daniels may be in a position to contribute a great deal. But right now, given the history that I see of Mr. Daniels, I am not going to "bet on the come", as they say.
 
 
 17
 It is clear from the record that the district court properly considered the government's motion, weighed the appropriate factors and exercised its discretion not to depart downward. The court was not bound to follow the government's recommendation to grant Daniels a departure based on substantial assistance. See Keene, 933 F.2d at 715. Because the court clearly exercised its discretion not to depart, we lack jurisdiction to review this discretionary decision. See United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); Mena, 925 F.2d at 355.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Commentary to section 3E1.1 provides: "In general, the conduct qualifying for a decrease in offense level under (b)(1) or (2) will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. Sec. 3E1.1, comment. (n. 6)