51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gamaliel CARMEN-PEREZ, Defendant-Appellant.
 No. 94-30235.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 28, 1995.
 
 Before: PREGERSON, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant, Gamaliel Carmen-Perez (Carmen-Perez), appeals his sentence, arguing that he was improperly refused a downward departure motion pursuant to U.S.S.G. Sec. 5K1.1. The appellant also argues that he was prejudiced by ineffective counsel.
 
 
 3
 The appellant argues two exceptions to the general rule that departures for substantial assistance pursuant to Sec. 3553(e) and U.S.S.G. Sec. 5K1.1 may not be made absent a motion by the government.[1] United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989).
 
 
 4
 First, Carmen-Perez argues that the district court should have sentenced the defendant below the statutory mandatory minimum on the basis that the government breached the plea agreement by failing to file a Sec. 5K1.1 motion in return for the defendant's substantial assistance.
 
 
 5
 The appellant's plea agreement provided that the government would recommend a three-level reduction for his acceptance of responsibility. Also, the government agreed to recommend a sentence at the low end of the guideline range. At sentencing, the government recommended both terms. The appellant argues that his is a situation in which the government impermissibly gained the cooperation of a defendant while withholding promised reciprocation. See United States v. Mena, 925 F.2d 354, 356 (9th Cir.1991). The facts contradict this argument. Carmen-Perez's coconspirator, by contrast, did negotiate a plea agreement providing for a Sec. 5K1.1 motion based on her willingness to testify at trial. The government filed a Sec. 5K1.1 motion for a downward departure of her sentence, which was granted. Carmen-Perez refused to enter into such an agreement. We reject the appellant's disingenuous argument that the government's motivation for filing a motion on behalf of his coconspirator was her gender. The appellant argues that, as in United States v. Olano, --- U.S. ----, 113 U.S. 1770, 1779 (1993), the government abused its prosecutorial discretion, that such abuse was obvious, and that the appellant's right to equal protection was violated. We disagree; the government offered to make a Sec. 5K1.1 motion if the defendant agreed to testify. Carmen-Perez chose not to do so. The appellant has not shown that the district court should have exercised its authority to correct plain error in this case.
 
 
 6
 Alternatively, the appellant argues that his attorney's failure to object to the government's refusal to file a Sec. 5K1.1 motion constituted ineffective assistance of counsel. We reject Carmen-Perez's argument that, but for his attorney's inadequate representation, his resulting sentence would have been materially different. It is not probable that the district court judge would have decided to depart sua sponte in direct contradiction to the plain language of the agreement between Carmen-Perez and the government. See Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The panel assumes, for purposes of its analysis, that the appellant has not waived this issue by failing to object to the failure to file or by failing to request a hearing at sentencing to challenge the government's actions