110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David HEGG, Defendant-Appellant.
 No. 96-30198.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided March 28, 1997.
 
 Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hegg was convicted of making false statements to the IRS in violation of 26 U.S.C. § 7206(1). He appeals his 36-month sentence, contending that application of the 1995 sentencing guidelines violated the Ex Post Facto Clause, and that the district court erred in enhancing his sentence for use of sophisticated means to impede discovery and in refusing to depart downward based on diminished capacity. We affirm.
 
 
 3
 * We review de novo whether application of the guidelines violates the Ex Post Facto Clause. United States v. Johns, 5 F.3d 1267, 1269 (9th Cir.1993). District courts must generally apply the version in effect on the date of sentencing. If that would violate the Ex Post Facto Clause, the court must apply the version in effect when the crime was committed. Id.
 
 
 4
 "To fall with the ex post facto prohibition, a law must be retrospective--this is 'it must apply to events occurring before its enactment'--and it 'must disadvantage the offender affected by it' by altering the definition of punishment for the crime." Lynce v. Mathis, 117 S.Ct. 891, 896 (1997) (citations omitted). Only the second element of Lynce is at issue in this case.
 
 
 5
 The parties appear to agree that if the 1995 guidelines apply, Hegg's sentence was correctly calculated to be the statutory maximum of 36 months. They disagree, however, what his sentence would be under the 1992 guidelines. We conclude that USSG § 2T1.3(a)(1) (1992) would be the applicable guideline. Although Hegg's offense did not involve tax evasion in the typical sense (i.e., avoidance of tax actually due and owing), we do not believe that his attempt to obtain payment for taxes not paid should be treated differently. The 1992 guideline's background commentary, which provides that it "covers conduct that usually is analogous to tax evasion, although the elements differ," supports our conclusion. USSG § 2T1.3, comment. (backg'd.).
 
 
 6
 Under this subsection, Hegg's range would have been 30-37 months. Because the court could have imposed a 36-month sentence under either version, there was no ex post facto violation.
 
 II
 
 7
 We review for clear error the court's decision to increase Hegg's base offense level by 2 under USSG § 2T1.1(b)(2) (1995) for the use of sophisticated means to avoid detection. United States v. Ford, 989 F.2d 347, 351 (9th Cir.1993).
 
 
 8
 The record amply supports the court's finding. The presentence report describes Hegg's use of three sham corporations and several sham transactions to generate his false returns. Conducting transactions through corporate shells is sufficient to justify this enhancement. USSG § 2T1.1, comment. (n. 4) (1995).
 
 III
 
 9
 Hegg contends that the court improperly concluded that it lacked authority to depart downward under § 5K2.13 based on his diminished capacity. The government responds that the decision was discretionary and not reviewable. We review de novo the court's conclusion that it lacked authority to depart, United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991), but lack jurisdiction to review a discretionary refusal to depart downward. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 507 U.S. 1012 (1993).
 
 
 10
 The record belies Hegg's contention. The court understood that it had discretion to depart, but declined to do so. It noted that the jury had found that he had "willfully" made false statements to the IRS, and "adopt[ed] that same conclusion in dealing with [his] request for a downward departure based upon a lack of mental capacity." It did not, as Hegg argues, conclude that the jury's verdict precluded departure. It concluded that the jury's finding was appropriate, adopted it and declined to depart. We lack jurisdiction over this issue.
 
 
 11
 We also reject Hegg's contention that the court erroneously concluded that departure is appropriate only when the mental condition contributes to an element of the offense, as opposed to the severity of the offense. In United States v. Cantu, 12 F.3d 1506, 1515 (9th Cir.1993), we stated that § 5K2.13 "requires that the offender's significantly reduced mental capacity have contributed to the commission of the crime." (Emphasis added). Neither Cantu nor the guideline's language supports Hegg's purported distinction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3