**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas TRAVIS, Defendant-Appellant.**

**No. 83–1238.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 1984.

Decided June 19, 1984.

Robert L. Dondero, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Daniel H. Bookin, Farella, Braun & Martel, San Francisco, Cal., for defendant-appellant.

Before DUNIWAY and ANDERSON,

Circuit Judges, and COUGHENOUR,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Thomas Travis appeals concurrent sentences which he received following a plea of guilty to one count of unarmed robbery and one count of bank larceny. We affirm in part and reverse in part, and remand for resentencing.

## I. BACKGROUND

On April 6, 1983, Thomas Travis (Travis) was indicted for three counts of unarmed bank robbery, violations of 18 U.S.C. § 2113(a). On May 26, 1983, Travis entered a plea of guilty to a superseding information charging one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a) and one count of bank larceny in violation of 18 U.S.C. § 2113(b). The unarmed bank robbery charge had been alleged in Count One of the original indictment. The bank larceny charge was a lesser included offense of a charge alleged in Count Three of that indictment.

The plea agreement was produced by discussions between Travis, his attorney, and the government. In return for the guilty plea, the government agreed to: (1) dismiss the original indictment; (2) recommend that the sentences be served concurrently; and (3) recommend a "substantial period of incarceration," but otherwise, "stand mute" at sentencing. The district court sentenced Travis to twelve years' incarceration for the unarmed bank robbery charge and to a concurrent term of five years for the bank larceny charge.

## II. DISCUSSION

Travis appeals, arguing that the sentence imposed must be vacated because: (1) the district court lacked jurisdiction to sentence him; (2) the government violated the plea agreement; and (3) the district court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure.

---

*The Honorable John C. Coughenour, United States District Judge, Western District of Wash-

### A. *Jurisdiction*

Generally, an individual may only be prosecuted for a felony on the basis of a valid indictment returned by a grand jury. *United States v. Armored Transport, Inc.,* 629 F.2d 1313, 1318–19 (9th Cir.1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981); *see also* Fed.R.Crim.P. 7(a). An exception to this rule provides:

> An offense which may be punished by imprisonment for a term exceeding one year or at hard labor may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment.

Fed.R.Crim.P. 7(b). A plea of guilty will not bar appellate review of a conviction where the claimed defect is jurisdictional. *See United States v. Broncheau,* 597 F.2d 1260, 1262 n. 1 (9th Cir.1979).

Travis argues that his sentence must be vacated because he did not waive prosecution by indictment, thereby depriving the district court of jurisdiction to sentence him. We find that the alleged defect was a "technical violation" of the rule, not a constitutional one, and that the proceedings were consistent with the "rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)); *United States v. Amidon,* 627 F.2d 1023, 1025–26 (9th Cir.1980) (where prosecution is initiated by indictment, a guilty plea to a superseding information does not violate the indictment clause). The record reveals that Travis was informed of his rights and the charges against him in open court, he had the assistance of counsel during the plea negotiations, and he entered a guilty plea to charges of which he had received notice by virtue of the original indictment. Although there may have been no explicit waiver, on the basis of the

ington, sitting by designation.

record before this court we find that waiver was implicit in the entry of Travis' guilty plea, and affirm.

### B. *The Plea Agreement*

■■■ "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). In determining whether a plea agreement has been broken, courts look to "what was 'reasonably understood by [the defendant] when he entered his plea of guilty.'" *United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir.1979) (quoting *United States v. Crusco,* 536 F.2d 21, 27 (3d Cir.1976)). If disputed, the terms of the agreement will be determined by objective standards. *United States v. Arnett,* 628 F.2d at 1164. The government will be held to "the literal terms of the agreement." *United States v. Garcia,* 519 F.2d 1343, 1344–45 (9th Cir. 1975). Where the government violates a plea agreement at sentencing, the usual remedy is a remand for resentencing. *See United States v. Bronstein,* 623 F.2d 1327, 1330 (9th Cir.1980), *cert. denied,* 449 U.S. 842, 101 S.Ct. 122, 66 L.Ed.2d 50 (1980). Remand to a different judge is not the usual remedy, it is one reserved for "unusual circumstances." *United States v. Arnett,* 628 F.2d at 1165 (quoting *United States v. Robin,* 553 F.2d 8, 10 (2d Cir. 1977) (en banc).

■■ Travis argues that the government breached its promise to remain silent at sentencing except to recommend a period of incarceration as an appropriate sentence. The remedy for this breach, Travis asserts, is vacation of the judgment and remand for resentencing. We agree. The record demonstrates that the government did in fact fail to stand mute but for the recommendation of sentence. Not only did the prosecutor breach his promise but, when the fact that he was doing so was called to his attention by Travis' counsel, the prosecutor persisted in breaching his promise. When

an attorney represents the government of the United States and makes a promise of this kind, he must keep it. We are unable to condone such a breach. We therefore must vacate the sentence and remand for resentencing.

■■ We find that the circumstances do not merit remand to a different judge for resentencing. We have weighed the factors to be considered in deciding whether further proceedings should be conducted before a different judge and conclude that this case does not furnish the unusual circumstances required. *United States v. Arnett,* 628 F.2d at 1165.

### C. *Compliance with Rule 32*

■■ Prior to sentencing, Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure requires the court to permit the defendant and his counsel access to the presentence investigation report and to provide them an opportunity to comment on that report. If there are allegations of factual inaccuracy in the report, Rule 32(c)(3)(D), Fed.R.Crim.P., provides:

> ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

The purpose of Rule 32(c)(3)(D) is to ensure that a record is made as to the resolution of the controverted matters and to ensure that the resolution of those controversies comes to the attention of the agencies who utilize the presentence report. *Advisory Committee Notes to Proposed Rule 32(c)(3)(D).*

Travis contends that the district court failed to comply with the provisions of Rule 32(c)(3)(D), Fed.R.Crim.P., in its disposition of his objections to the presentence report. On the basis of the record before this

court, it appears that the district court determined that it would not consider the controverted matters in sentencing Travis. E.R. at 11–12 (Transcript of Sentencing, September 26, 1983). The court agreed to attach copies of Travis' objections and the sentencing transcript to the presentence report. *Id.* If the court has done so, it has fulfilled its obligation under the rule by addressing the objections and informing the agencies of its decision in that regard. Due to the limited record before us, we are unable to ascertain whether or not the copies were attached to the presentence report and therefore we must remand, directing the district court to assure compliance at Travis' resentencing.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM in part and REVERSE and REMAND for resentencing.