943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Clark BREI, Defendant-Appellant.
 No. 90-10645.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Clark Brei appeals his sentence, following a guilty plea, for conspiracy to possess and possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Brei contends that the government violated his plea agreement by failing to move for a downward departure below the United States Sentencing Guidelines range, and that the district court should have made an independent assessment of whether Brei had met his own obligations under the agreement. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for clear error a district court's construction of a plea agreement. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). " 'In determining whether a plea agreement has been broken, courts look to what was reasonably understood by [the defendant] when he entered his plea of guilty,' " and disputed terms are determined by objective standards. United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984).
 
 
 4
 A defendant may receive a departure below the applicable Sentencing Guidelines range in return for his substantial assistance to the government, but such a departure is conditioned upon a motion by the government. United States v. Mena, 925 F.2d 354, 356 (9th Cir.1991); 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1;[1] see United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989) (U.S.S.G. § 5K1.1 was intended to "lodge some sentencing discretion in the prosecutor"), cert. denied, 110 S.Ct. 847 (1990)
 
 
 5
 Here, the record shows that Brei entered into plea agreement with the government, pursuant to which he agreed to plead guilty to two counts in return for the government's dismissal of the remaining counts against him. Brei also agreed to cooperate with the government in its investigation into drug trafficking activities, and the government expressly reserved its discretion to determine whether to make a section 5K1.1 motion for downward departure at sentencing.[2]
 
 
 6
 After his arraignment, Brei made a statement to DEA agents regarding his own activities and gave preliminary information about others he knew to be involved in drug trafficking. The agents instructed him to contact them with additional information, but Brei concedes that he "held off" on contacting the agents. Subsequently, Brei was arrested on charges of aggravated assault, urinating in public and driving on a suspended license. His conditional release was revoked and he was returned to custody due to the conduct underlying his arrest and for submitting to the probation department urine samples which tested positive for drug use. After his return to custody, Brei and his attorney each made several attempts to contact the DEA and offer further assistance. By then, however, the agents had determined that Brei could not provide the contemplated assistance because of his arrest and his problems with the probation department.[3]
 
 
 7
 At sentencing, the government declined to move for a downward departure, noting that Brei's illegal activities had caused the government to lose interest in his cooperation. The terms of the plea agreement clearly reserved to the government the discretion to decline to move for departure.[4] See Travis, 735 F.2d at 1132 (government is held to the literal terms of a plea bargain). We cannot say that this decision was arbitrary or provoked by the bad faith necessary to allow the district court to interfere with the prosecutor's discretion by departing downward for substantial assistance. See Mena, 925 F.2d at 356.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 3553(e) provides in relevant part:
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.
 U.S.S.G. § 5K1.1 provides in relevant part:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 
 
 [2]
 The agreement stated in pertinent part:
 (d)(1) The defendant agrees to be fully debriefed concerning his knowledge of, and participation in, the distribution of marihuana and any other crimes about which he has knowledge.
 (2) The defendant agrees to testify as a witness before any grand juries as may be requested, and at any other hearings or trials when called upon to do so by the government.
 (3) The defendant agrees to hold himself reasonably available for debriefing and pretrial conferences as the government may require.
 * * *
 (e) It is agreed that if the government, in its sole discretion, determines that the defendant has fulfilled his obligations of cooperation as set forth above ... then at the time of sentencing, the government will make known to the Court the full extent of the defendant's cooperation. Furthermore, if the government in its sole discretion determines that the defendant has fully cooperated and rendered substantial assistance in the investigation and prosecution of others, it is agreed that the govenrment, pursuant to [18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1], will consider filing a motion.... As a result of the motion, the Court may depart from the Sentencing Guidelines and/or from the mandatory minimum sentence established by [21 U.S.C. § 846].
 
 
 [3]
 Although Brei contends that the government spurned his help because his codefendant had preemptively provided information, there is no evidence of this on the record. Brei also argues that "[h]is substance abuse problems are completely unrelated to his desire and ability to cooperate with the terms of his plea agreement," Appellant's Reply Brief at 4, but overlooks the effect of his conduct on the usefulness of his cooperation. See, e.g., United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir.1988) (probation file evidence bearing on credibility may be used to impeach witness), cert. denied, 489 U.S. 1032 (1989)
 
 
 [4]
 Brei's plea bargain was not rendered illusory by the government's reservation of this discretion. The government dismissed the remaining counts against him in return for his guilty plea, and further benefit in the form of a departure recommendation was available to him only if he in fact cooperated. Cf. Travis, 735 F.2d at 1132 (government's unconditional promise to remain mute at sentencing deemed a "material" part of the consideration for defendant's guilty plea); United States v. Williams, 656 F.2d 357, 358-59 (8th Cir.1981) (government violated unconditional promise to inform court of degree of cooperation)