944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Demetrio PECINA, Defendant-Appellant.
 No. 90-10272.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1991.
Decided Sept. 12, 1991.
 
 Before SNEED, TANG and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Demetrio Pecina pleaded guilty to one count of possession of a firearm by a convicted felon. The plea agreement contains a provision waiving Pecina's right to appeal. The agreement also contained a provision that the government would recommend a two level reduction in the offense level if the defendant made a full and complete disclosure to the probation department. The presentence report classified Pecina as a career offender and placed the defendant in criminal history category VI. The court sentenced Pecina to five years in prison. Pecina appeals. We affirm.
 
 
 3
 1. Breach of Plea Agreement.
 
 
 4
 Pecina asserts that the government failed to keep its promise under the plea agreement in that it failed to recommend a two level reduction in the offense level based on Pecina's disclosure of the circumstances surrounding his commission of the offense. If the government failed to live up to the terms of the agreement, then we may order specific performance of that agreement or allow the defendant to withdraw his plea. United States v. Partida-Parra, 859 F.2d 629, 633 (9th Cir.1988). "Where the government violates a plea agreement at sentencing, the usual remedy is a remand for resentencing." United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984).
 
 
 5
 In determining whether a plea agreement has been breached, we look to " 'what was "reasonably understood [by the defendant] when he entered his plea of guilty." ' " United States v. Travis, 735 F.2d at 1132 (quoting United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979) (quoting United States v. Crusco, 536 F.2d 21, 27 (3rd Cir.1976))). The United States must be held to the literal terms of the plea agreement. United States v. Packwood, 848 F.2d 1009, 1012 (9th Cir.1988). "If disputed, the terms of the agreement will be determined by objective standards." Travis, 735 F.2d at 1132. If the defendant fails to live up to the defendant's side of the bargain, the government is free from its obligations under the plea agreement. Partida-Parra, 859 F.2d at 633.
 
 Here the agreement stated:
 
 6
 Assuming the defendant makes a full and complete disclosure to the Probation Department of the circumstances surrounding his commission of the offense, the United States will pursuant to § 3E1.1 of the Sentencing Guidelines, recommend to the sentencing court that the court reduce by two levels, the Adjusted Offense Level applicable to this offense.
 
 
 7
 Pecina told the probation officer that he did not possess the weapon and that he was not in Phoenix on March 8, 1980. Pecina stated that he handled the gun involved in this case at one time and that is why his fingerprints were on it. The objective language of the agreement is that the defendant must have made "full and complete disclosure of the circumstances surrounding his commission of the offense." Pecina's statements do not detail anything regarding his commission of the offense to which he pleaded guilty and the plea agreement he signed which stated he possessed the weapon in Arizona on March 8, 1990. Because Pecina did not uphold his side of the bargain, the government was not required to make any recommendation. Therefore, Pecina's contentions must fail.[1]
 
 2. Waiver of the Right to Appeal
 
 8
 Pecina argues that he did not waive his right to appeal the imposition of his sentence. Pecina should not be barred from appeal unless "the parties clearly intended such a result." United States v. Howard, 894 F.2d 1085, 1091 (9th Cir.1990). As noted earlier, in determining what the parties intended, we hold the government to the literal terms of the agreement. Packwood, 848 F.2d at 1012.
 
 
 9
 We have recently upheld the validity of waivers of the right to appeal in plea agreements when they are knowingly and voluntarily made. United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir.1990). The waiver of a nonconstitutional statutory right of appeal does not violate due process nor does it offend public policy. Id. at 321.
 
 Pecina's plea agreement stated:
 1. Maximum Penalties
 
 10
 (a) A violation of [18 U.S.C.] 922(g)(1), is punishable by a maximum fine of $250,000, or a maximum term of imprisonment of 5 years, or both.
 
 3. Agreements Regarding Sentencing
 
 11
 (a) The United States will make no recommendation to the court as to an appropriate sentence. However, the United States retains the right to make factual responses to any statements made by defendant or defense counsel or objects to the presentence report or to questions by the court. The agreement to make no sentencing recommendation is not a request either for or against a sentence of probation. Defendant understands that the United States' agreement to make no sentencing recommendation does not in anyway prevent or prohibit any victim from making recommendations to the court.
 
 
 12
 The plea agreement also contained a provision limiting Pecina's right to appeal. The agreement stated:
 
 
 13
 Defendant hereby waives any right to raise and/or appeal any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant and imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals).
 
 
 14
 We hold that the waiver of the right to appeal was voluntarily and knowingly made. The waiver of the right of appeal is involuntary when the accused does not understand nature of constitutional protections that he is waiving, or because the accused has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Navarro-Botello, 912 F.2d at 320. The plea colloquy between the court and Pecina reveals that this plea agreement was entered into knowingly and intelligently. The court advised Pecina of his rights to a jury trial, the presumption of innocence, the government's burden at trial to prove guilt beyond a reasonable doubt, the right to confront and cross-examine witnesses, his right to testify or to refuse to testify, and to offer evidence on his own behalf. The district court informed Pecina that the maximum penalty for his charged crime was five years. In fact, at the plea change hearing, Pecina's counsel informed the court that he believed that Pecina would be sentenced the maximum term allowable of five years.
 
 
 15
 Pecina stated that he read and reviewed each of the provisions of the plea agreement with the assistance of counsel. He further stated that he had discussed his constitutional and other rights with his attorney. Pecina stated that he had read the plea agreement two or three times and discussed it with his attorney. Pecina's attorney further stated that he had discussed the case and plea agreement with Pecina, Pecina's constitutional and other rights, and the consequences of Pecina's guilty plea. We conclude that Pecina voluntarily and knowingly waived his right to appeal his sentence.
 
 
 16
 The agreement specifically states that Pecina has waived the right to object to the court's entry of judgement and imposition of sentence. The agreement envisions a maximum sentence of five years. Pecina explicitly accepted the risk that his sentence could be as high as five years. The court accepted the plea agreement and imposed that sentence. Because the sentence is consistent with the plea agreement, Pecina has no right to appeal it.
 
 
 17
 Pecina also argues that the court reinstated his right to appeal when it informed him that he had "certain limited rights to appeal the judgment and sentence I just pronounced, pursuant to the terms of 18 U.S.C. § [3742]." The district court is required to advise each defendant of any right to appeal. Fed.R.Crim.P. 32(a)(2). The district court, however, has no ability to grant, restrict, or reinstate defendants' rights of appeal.[2]
 
 CONCLUSION
 
 18
 Pecina's agreement is valid and the government has not breached it. Pecina waived his right to appeal in his plea agreement. Therefore, we do not reach his contentions regarding any purported errors in his sentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a practical matter, the lowering of the offense level by two points will not result in any change in Pecina's sentence. An offense level of 21 coupled with a criminal history category of VI results in a Guidelines Sentence of seventy-seven to ninety-six months. This is still higher than the maximum sentence of five years. Therefore, any alleged error was inconsequential
 
 
 [2]
 Relying on United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990), Pecina argues that the district court failed to make findings as required by Federal Rule of Criminal Procedure 32 with regard to Pecina's statement at the sentencing hearing as to whether he possessed the gun at issue. He asserts this statement concerned factual inaccuracies contained in the presentence agreement. We decline to decide whether the right to Rule 32 findings of fact was waived in this case because Pecina's comments at sentencing indicated that he had possessed the weapon. He thus did not allege any factual inaccuracies in the presentence report. Therefore, no Rule 32 issue is present in this case