972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William JOE RICHARDS, a/k/a: William Myles Steele; Joe
Daniels; Daniel Scholnik, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
Thomas Joseph GAGLIA, a/k/a: "Frankie"; Auguste T.
Cassini, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-56267, 91-56270.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, William Joe Richards and Thomas Joseph Gaglia appeal pro se the district court's denial of their 28 U.S.C. § 2255 motions. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Richards and Gaglia contend that Fed.R.Crim.P. 7, which permits waiver of the right to indictment in felony cases, is unconstitutional because this right cannot be waived. They also argue that, even if they could waive their right to indictment, any waiver they did execute was invalid in this instance. Neither of these issues was raised on direct appeal.
 
 
 4
 Generally, a collateral challenge under section 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). To obtain collateral relief under section 2255, Richards and Gaglia must show both cause for their procedural default and actual prejudice resulting from the alleged error. See id. at 168. Here, Richards and Gaglia cannot show actual prejudice from the error they allege.
 
 
 5
 The Supreme Court has previously held that, although an indictment was required at common law in all cases warranting serious punishment, Rule 7 "recognizes that this safeguard may be waived" in non-capital cases. Smith v. United States, 360 U.S. 1, 9 (1959); cf. United States v. Travis, 735 F.2d 1129, 1131 (9th Cir.1984) (permitting waiver of the right to indictment pursuant to Rule 7). Accordingly, Richards' and Gaglia's constitutional challenge to the validity of Rule 7 fails.[1]
 
 
 6
 "Generally, an individual may only be prosecuted for a felony on the basis of a valid indictment returned by a grand jury." Travis, 735 F.2d at 1131. Fed.R.Crim.P. 7(b) permits waiver of this right where "the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment."
 
 
 7
 Pursuant to a negotiated plea agreement, Richards and Gaglia pleaded guilty to conspiracy to import marijuana, in violation of 21 U.S.C. §§ 952(a), 960, 963, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Following the change-of-plea colloquy, at which the district court advised the defendants of their rights and the charges which they were pleading guilty to, both Richards and Gaglia filed written waivers of their right to prosecution by indictment.
 
 
 8
 In Travis, we held that waiver of the right to indictment was implicit where the defendant was represented by counsel during plea negotiations and, prior to entry of the plea, was informed in open court of his rights and the charges against him. Travis, 735 F.2d at 1131-32. Here, not only were these requirements met, but also Richards and Gaglia executed written waivers of their right to indictment and filed them with the court immediately following the plea colloquy. Accordingly, we hold that Richards and Gaglia waived their right to prosecution by indictment. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Richards and Gaglia contend that the United States Attorney is unauthorized to bring a prosecution by information, this argument is also without merit. Pursuant to 18 U.S.C. § 3362, an indictment may be waived and prosecution brought by information under the process set out in Fed.R.Crim.P. 7(b). Rule 7(b) permits waiver of indictment and prosecution by information if certain conditions are met. It is the duty of the United States Attorney to prosecute all offenses against the United States. 28 U.S.C. § 546. Therefore, the prosecutor has the authority to charge a defendant by information