981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Lewis ACKERMAN, aka Joseph Lewis Scala, Defendant-Appellant.
 No. 92-10089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Dec. 8, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Lewis Ackerman ("Ackerman") appeals his conviction for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and his sentence of 60 months incarceration, imposed pursuant to the United States Sentencing Guidelines. Ackerman was convicted and sentenced after he entered into a plea agreement with the government.
 
 
 3
 Ackerman contends that the government breached his plea agreement by failing to move for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. 5 K1.1 as promised in exchange for his substantial assistance to law enforcement. On appeal, he argues that the district court erred in denying his motions to compel performance of the plea bargain and to withdraw his guilty plea. We affirm the conviction and sentence.
 
 BACKGROUND
 
 4
 Ackerman and two other individuals were arrested on September 22, 1989 in the parking lot of a Nevada casino after selling two kilograms of cocaine to undercover Special Agent Rick P. Baken. Ackerman, who sat with the undercover agent in the back seat of the car in which the transaction occurred, was subsequently indicted on one count of conspiracy to distribute cocaine and one count of distribution. Ackerman entered into a plea bargain with the government.
 
 
 5
 By terms of his plea bargain, Ackerman agreed to plead guilty to the conspiracy count and to cooperate with the government by revealing to the government all information that he had regarding the source of the cocaine involved in the transaction and the identities of other individuals involved in narcotics trafficking. He also agreed to provide relevant testimony against any future defendants developed by the government's investigation.
 
 
 6
 In Ackerman's plea agreement, the government agreed not to prosecute on the distribution counts. The government further agreed that if the defendant fulfilled his promise to cooperate and to provide complete and truthful disclosure of information to the government, total and substantial assistance in conducting investigations, and truthful testimony, the government would file a motion pursuant to 18 U.S.C. § 3553(a) and U.S.S.G. § 5K1.1 to enable the court to impose a sentence below the statutory minimum and below the guidelines level.[1] The government additionally agreed to remain silent before the court regarding any specific sentence.
 
 
 7
 After the district court accepted Ackerman's guilty plea, Ackerman was questioned by FBI Agent Bradley and by Assistant United States Attorney Jerbic to provide relevant information to the government. Thereafter, the government decided not to move for a downward departure for his assistance. Ackerman moved to compel the government to file the motion for a downward departure. The district court denied this motion, and Ackerman then moved to withdraw his guilty plea. The district court denied this motion. Ackerman appeals the district court's denial of both his motion to compel the government to move for the departure and his motion to withdraw his guilty plea.
 
 DISCUSSION
 
 8
 This court reviews the denial of a motion to compel performance of a plea agreement and to withdraw a guilty plea for abuse of discretion. See United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986).
 
 
 9
 Ackerman contends that he fulfilled his part of the plea bargain and that the government was thus obligated to file the motion for downward departure. Ackerman argues that the government breached his plea agreement by failing to file the motion.
 
 
 10
 To decide whether a plea agreement has been breached, this court considers what the defendant reasonably understood when he pleaded guilty. United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992).
 
 
 11
 In Ackerman's case, the plea agreement required Ackerman to plead guilty to the conspiracy count. In addition, it required him
 
 
 12
 to cooperate with the Government and to provide complete and truthful information concerning his knowledge of narcotics trafficking in the United States.... [S]pecifically ... to provide what information he has regarding the source of the cocaine that resulted in these charges, and other individuals ... whom the Defendant is aware are trafficking in narcotics.
 
 
 13
 E.R. 24-25. The agreement also provided that:
 
 
 14
 If the defendant fulfills his obligations to the Government, determined by the Government as indicated herein above and provides total and substantial cooperation to the Government in the form of complete and truthful disclosure of information to the Government ... and truthful testimony at any time deemed necessary by the Government ... then in such event, the Government will file a motion with the Court pursuant to Title 18, U.S.C., § 3553(a) and Sentencing Guidelines Section 5k1.1 so that the Court may have additional authority necessary to consider the imposition of a sentence below the minimum mandatory statutory sentence and below the level otherwise established by the Sentencing Guidelines, 21 U.S.C. § 841(a) and 21 U.S.C. § 846.
 
 
 15
 E.R. 25-26 (emphasis added).
 
 
 16
 This court holds the government to the literal terms of a plea agreement. United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984). By the literal terms of this agreement, the government promised to file a motion for a downward departure "if the defendant fulfill[ed] his obligations to the Government, [as] determined by the Government."
 
 
 17
 Ackerman contends that he fulfilled his obligations to the government by pleading guilty to the conspiracy count and by telling government agents all that he knew about the transactions leading up to his arrest and about the individuals he knew who were involved in narcotics trafficking.
 
 
 18
 Thus, Ackerman argues that he complied with his plea agreement and that the government was obligated to file the motion for downward departure of his sentence.
 
 
 19
 The government argues that by the literal terms of the plea agreement it was for the government to determine whether the defendant had fulfilled his obligations under the plea agreement. The government determined that the defendant's cooperation was not sufficient to constitute "substantial assistance." Therefore, the government argues, it was not bound to file the motion for downward departure.
 
 
 20
 Because plea agreements are contractual in nature, disputed terms are determined by objective standards. United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979). What the parties agreed to is a question of fact to be resolved by the district court; accordingly, the district court's findings as to the terms of plea agreements are reviewed only for clear error. United States v. Read, 778 F.2d at 1441.
 
 
 21
 Ackerman argues that the government's refusal to file the departure motion constituted a bad faith effort by the government to punish him for reporting that he witnessed undercover agent Baken using cocaine. He also argues that he understood the plea agreement to obligate the government to file the departure motion if he cooperated with the government by telling agents all that he knew about cocaine trafficking. He contends that he would not have entered into the plea agreement if he had known that the government alone would determine whether his cooperation was substantial enough to merit the downward departure motion.
 
 
 22
 The government contends that it determined that Ackerman's cooperation did not warrant a government motion for downward departure because of inconsistencies in information Ackerman gave the government. Specifically, the government cites inconsistencies in Ackerman's reports regarding whether he had seen undercover Agent Baken using cocaine. Further, the government found that Ackerman had not cooperated fully as required by the plea agreement because he refused to take a polygraph test administered by the FBI to clarify the issue of Baken's alleged cocaine use. Additionally, the government refutes Ackerman's contention that when entering his plea he did not understand that the government alone would determine whether his cooperation would merit a motion for downward departure. The government cites the statement that Ackerman's attorney made at his change of plea hearing that Ackerman understood that there was a "lack of a guarantee as to what result will occur as a result of the substantial cooperation." [E.R. 94-95.]
 
 
 23
 Reviewing all of the evidence produced at Ackerman's hearing, the district court found that Ackerman had not proved that the government did not act in good faith in determining that the motion for downward departure was unwarranted. The court also found that the defendant had been represented by competent counsel at the time he entered his guilty plea and that he had been advised at that time that the filing of the downward departure motion was not guaranteed.
 
 
 24
 The district's court's findings are not clearly erroneous. Under these circumstances, we cannot say that the district court abused its discretion in denying the defendants' motions. The conviction and sentences are, therefore, AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 3553(e) provides:
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who as committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. 18 U.S.C. § 3553(e) (West Supp.1992).
 U.S.S.G. § 5K1.1 provides:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. U.S.S.G. 5K1.1 (1991).