988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro QUINTERO-QUINTERO, Defendant-Appellant.
 No. 92-30167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided March 3, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington; No. CR-92-016-01-FVS, Fred L. Van Sickle, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Quintero-Quintero appeals his conviction by guilty plea and his sentence under the Sentencing Guidelines for entry by an alien into the United States following deportation, in violation of 8 U.S.C. § 1326. We affirm.
 
 
 3
 Quintero, a Mexican citizen, was admitted to the United States in 1986 as a lawful permanent resident. Two years later he was convicted of possession of cocaine, the INS instituted deportation proceedings, and he was deported. He then returned.
 
 
 4
 In January 1992 Quintero was arrested and indicted for being an alien in the United States after deportation. Quintero and the government entered into plea negotiations. On March 20, 1992, the date of Quintero's change of plea hearing, they entered into a written plea agreement.
 
 
 5
 The agreement contained no promise regarding Quintero's criminal history category, and reserved no issues for appeal.
 
 A. Waiver of Conviction Appeal
 
 6
 Quintero seeks to appeal his conviction on grounds that he might have been improperly deported, and was denied discovery. However, Quintero waived the appeal of his conviction. The plea agreement was not conditional. The written Order Accepting Guilty Plea contains no reservation of appeal rights. Indeed, the plea agreement itself states that Quintero "agrees not to appeal the basis of his conviction."
 
 
 7
 Federal Rule of Criminal Procedure 11(a)(2) states: "With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty ..., reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion."
 
 
 8
 We have held that "one who has voluntarily pleaded guilty after being fully advised of his rights pursuant to Rule 11 will normally have foreclosed his right to appeal." Marrow v. United States, 772 F.2d 525, 529 (9th Cir.1985). Failure to enter into a valid conditional plea deprives this court of jurisdiction over the denial of the defendant's pretrial motion. United States v. Carrasco, 786 F.2d 1452, 1454 (9th Cir.1986); United States v. Echegoyen, 799 F.2d 1271, 1276 (9th Cir.1986). Accordingly, we lack jurisdiction to review Quintero's conviction.
 
 B. Plea Agreement and Sentence
 
 9
 Quintero argues that the court erred by placing him in a criminal history category of V at sentencing, despite the government's alleged implicit promise contained in his plea agreement that his category was IV.
 
 
 10
 "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). However, Quintero fails to show that there was any agreement or promise concerning his criminal history status.
 
 
 11
 "To determine whether a plea agreement was breached, we first determine 'what the parties to this plea bargain reasonably understood to be the terms of the agreement.' What the parties agreed to is a question of fact determined by objective standards." United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1991) (citation omitted). "The government will be held to 'the literal terms of the agreement.' " United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984) (citation omitted). At the same time, it "ordinarily must bear responsibility for any lack of clarity." United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992).
 
 
 12
 The plea agreement did not mention criminal history. Quintero does not claim that the government breached any of the terms set out in the agreement. Rather, he claims that during plea negotiations the parties jointly calculated Quintero's criminal history category at level four, and the government "continually represented that Mr. Quintero would be within the 15 to 21 month range at a category four."
 
 
 13
 The government denies making any promises concerning Quintero's criminal history, and Quintero presents no evidence of any promise. Moreover, his contention is entirely at odds with the agreements' merger clause and is hard to square with other express disclaimers contained in the agreement itself. In addition to ruling out collateral oral promises, the agreement made it clear that Quintero could rely on no promises as to the sentence the court might impose. Moreover, under the agreement the court was "required to consider any applicable sentencing guideline range," could reject any recommendation, and could impose the maximum penalty. Finally, at the plea hearing the court made it clear that the sentencing range had not been decided upon, and Quintero said that there were no other conditions. The district court did not err in determining Quintero's sentence.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3