19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur Frank SANFORD, Petitioner-Appellant,
v.
MUNICIPAL COURT CITRUS JUDICIAL DISTRICT, et al.,
Respondents-Appellees.
 No. 93-55463.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Sanford appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition which contains two issues that this court had remanded for further inquiry on June 4, 1991: (1) whether Sanford was denied the right to counsel, and (2) whether the state breached his plea agreement.[1] We have jurisdiction under 28 U.S.C. Sec. 2253, and review this matter de novo, Chatman v. Marquez, 754 F.2d 1531, 1533-34 (9th Cir.), cert. denied, 474 U.S. 841 (1985), and we affirm.
 
 Waiving Right to Counsel
 
 3
 Under the Sixth Amendment, a criminal defendant has the right to waive his right to counsel and represent himself provided that his waiver is (1) knowing and intelligent, (2) unequivocal, (3) timely, and (4) not for the purposes of delay. Farretta v. California, 422 U.S. 806, 835 (1975); United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). The defendant must be made aware of the nature of the charges against him, the possible penalties, and the dangers of self-representation. Farretta, 422 U.S. at 835; Schaff, 948 F.2d at 503. The failure to engage the defendant in such a colloquy does not necessitate reversal, however, if the record otherwise reveals a knowing and intelligent waiver, Cooley v. United States, 501 F.2d 1249, 1252 (9th Cir.1974), cert. denied, 419 U.S. 1123 (1975), but this exception should rarely be invoked, United States v. Aponte, 591 F.2d 1247, 1250 (9th Cir.1978).
 
 
 4
 Here, on three separate occasions, the municipal court advised Sanford that he was entitled to be represented by an attorney, and that he would be entitled to a free court-appointed attorney before he pled no contest to common barratry.[2] Moreover, the court discussed with Sanford the charges brought against him, and the possible penalties involved. Further, the court on two separate occasions informed Sanford that he was entitled to a speedy trial, the right to cross-examine witnesses testifying against him, the right to subpeona witnesses, and the right against self-incrimination. Thus, Sanford's waiver of his right to counsel was knowing and intelligent, and therefore was not a violation of his Sixth Amendment right to counsel. See Farretta, 422 U.S. at 835; Schaff, 948 F.2d at 503; Aponte, 591 F.2d at 1250; Cooley, 501 F.2d at 1252.
 
 Breached Plea Agreement
 
 5
 "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such a promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Travis, 735 F.2d 1129, 1132 (1984). In determining whether a plea agreement has been broken, courts look to what was reasonably understood by the defendant when he entered his plea of guilty. United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979). If disputed, the terms of the agreement will be determined by objective standards. Id.
 
 
 6
 Here, the court confirmed with Sanford and the prosecutor that a plea agreement had been reached. The prosecutor stated on the record that the disposition would be a plea of no contest for the penalty of three years probation and a $500 fine. Sanford confirmed on the record that this indeed was the plea agreed upon. Before entering his plea of no contest Sanford stated on the record that his understanding of the plea agreement would carry a $500 fine and a penalty of three years probation, but stated that he "would like to have, see it reduced to one year". The court accepted the plea and imposed the agreed upon sentence. With the exception of Sanford's precatory statement that he desired to have his probation reduced from three years to one year, his understanding of the terms of his plea agreement mirrored the agreement offered by the prosecutor. Thus, his contention that the prosecution breached his plea agreement is without merit. See Santobello, 404 U.S. at 262; Travis, 735 F.2d at 1132; Arnett, 628 F.2d at 1164.
 
 
 7
 Accordingly, we AFFIRM the district court's dismissal of Sanford's habeas petition.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sanford also raises several new issues for the first time on appeal including a challenge to the state's subject matter jurisdiction and violations of his rights under the First, Fourth, and Fifth Amendments. Sanford did not include these claims in his petition to the district court, and the district court did not address them below. Thus, Sanford is precluded from raising these issues for the first time on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.), cert. denied, 469 U.S. 873 (1984)
 
 
 [2]
 A violation of California Penal Code Sec. 158