21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lance Leonard NEVELL, Defendant-Appellant.
 No. 93-10416.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lance Leonard Nevell appeals the district court's revocation of his supervised release and imposition of a one-year sentence of imprisonment on grounds that he possessed a controlled substance in violation of 18 U.S.C. Sec. 3565(a). Nevell contends the district court violated the Double Jeopardy Clause by revoking his supervised release two months after resentencing him in accordance with a remand order from this court, based upon information he claims was available to the court before resentencing. He claims further that the district court should have permitted him to withdraw his plea before imposing an additional jail term. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * Facts
 
 
 4
 On September 9, 1991, Nevell was convicted following his guilty plea to making a false statement in the acquisition of a firearm. He was sentenced in accordance with his plea agreement to serve eighteen months in prison followed by three years of supervised release. Nevell timely appealed the district court's failure to justify an upward departure in sentencing. He was released from prison before this court issued an unpublished memorandum disposition directing the district court to explain the nature and extent of the departure imposed at sentencing. United States v. Nevell, No. 91-10594, unpublished memorandum (9th Cir. Sept. 2, 1992).
 
 
 5
 The district court resentenced Nevell on November 5, 1992, and he appealed again. In August and September of 1992, between Nevell's release from prison and his resentencing on remand, he submitted seven dirty urine samples. In January 1993, his probation officer petitioned for revocation of supervised release based upon his drug use in August and September 1992. The district court revoked Nevell's supervised release following an evidentiary hearing on June 7, 1993. This appeal followed.
 
 II
 Double Jeopardy
 
 6
 We review de novo a district court's order denying a motion to dismiss an action on double jeopardy grounds. United States v. Castiglione, 876 F.2d 73, 75 (9th Cir.1988), cert. denied, 493 U.S. 954 (1989). "[T]he double jeopardy clause prohibits augmentation of a criminal sentence when it would violate the defendant's reasonable expectation of finality." United States v. Foumani, 910 F.2d 617, 619-20 (9th Cir.1990).
 
 
 7
 Nevell argues that, when the district court resentenced him for the firearms offense in November 1992 without taking steps to revoke his supervised release, he formed a reasonable expectation that his dirty urine tests of the preceding months would go unpunished. We disagree.
 
 
 8
 First, we note that the revocation of supervised release is wholly different from the "augmentation" of a criminal sentence that the double jeopardy clause bars. Even if it were not, we do not see how Nevell could reasonably have expected that the sentence the district court pronounced on November 14, 1992 would be the last word. A defendant who "consistently challenge[§ his] sentence, [as Nevell has,] cannot have ... any expectation of finality in the sentence[ ] he received." United States v. Jordan, 895 F.2d 512, 516 (9th Cir.1989). Moreover, a district court is without discretion "over revocation decisions when a probationer violates probation by possessing a controlled substance." United States v. Shampang, 987 F.2d 1439, 1441 (9th Cir.1993) (interpreting 18 U.S.C. Sec. 3565(a) and approving revocation of probation based upon five-month-old violations). "In this situation, the court must revoke probation and must impose a sentence of probation not less than one third of the original sentence." Id. Accordingly, we conclude that Nevell had no reasonable expectation of finality in the November 14, 1992 sentence.
 
 III
 Plea Agreement
 
 9
 We review for clear error a district court's construction of a plea agreement. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). In deciding whether a plea agreement has been violated, we look to what the defendant reasonably understood when he entered his plea of guilty. United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984).
 
 
 10
 Nevell argues that the district court should have offered him an opportunity to withdraw his plea of guilty to the weapons offense before revoking his supervised release and sending him back to jail. This action, he argues, was tantamount to a "rejection of the plea agreement," which capped his exposure to jail time at eighteen months. We disagree.
 
 
 11
 Nevell signed a plea agreement that contemplated a 36-month term of supervised release. At his change of plea hearing, the district court explained to him that if he violated any term of supervised release, he could be returned to custody. Three years before Nevell made this agreement, Congress decreed that revocation of supervised release for drug crimes was mandatory. In light of these facts, we hold that Nevell could not reasonably have understood his plea agreement to shield him from additional jail time upon revocation of supervised release. See Travis, 735 F.2d at 1132.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3