**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Anthony TARENCE,**
**Defendant–Appellant.**

No. 01–16222.

D.C. Nos. CV–01–05506–REC,
CR–96–05113–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Mark Anthony Tarence, a federal prisoner, appeals pro se the district court's

---

*v. Christakis*, 238 F.3d 1164, 1168 (9th Cir. 2001).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

denial of his 28 U.S.C. § 2255 motion.[1] Tarence challenges his guilty-plea conviction and 97–month sentence for maintaining a place for the manufacture of methamphetamine, in violation of 21 U.S.C. § 856(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.

Tarence contends that the district court lacked jurisdiction to accept his guilty plea to the superseding information because he did not knowingly and voluntarily waive his right to a grand jury indictment. We disagree. Our review of the record shows that Tarence knowingly and voluntarily waived his right to a grand jury indictment. *See United States v. Travis*, 735 F.2d 1129, 1131 (9th Cir.1984).[2]

AFFIRMED.[3]

---

1. The clerk is directed to conform the docket for this case to the caption set forth above.

2. Because the "motion and the files and records of the case conclusively show that [Tarence] is entitled to no relief," we disagree with Tarence's argument that the district court erred by failing to hold an evidentiary hearing. *United States v. Chacon–Palomares*, 208 F.3d 1157, 1159 (9th Cir.2000) (quoting 28 U.S.C. § 2255).

3. To the extent that Tarence raises other issues in his brief, we do not consider them because they fall outside the scope of the certificate of appealability. *See United States v. Christakis*, 238 F.3d 1164, 1168 (9th Cir. 2001).

